**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-100C

(Filed: March 9, 2016)
**(NOT TO BE REPORTED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| FREDRICK WAYNE CONNORS, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

MAR - 9 2016

U.S. COURT OF
FEDERAL CLAIMS

Fredrick Wayne Connors, Carson City, Nevada, *pro se*.

James W. Poirier, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Franklin E. White, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER**

LETTOW, Judge.

Plaintiff Fredrick Wayne Connors has filed an action without paying the court's filing fee, instead requesting a fee waiver under the *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to Paragraph 1915(e)(2) of that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." The government has filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 5.

Mr. Connors has filed at least ten complaints "against various communications and technology companies" between 2010 and 2015, all of which were dismissed as frivolous or failing to state a claim. *See, e.g., Connors v. Charter Business*, No. 14-cv-688, 2015 WL 2194500, at \*3 (D. Nev. May 11, 2015) (discussing plaintiff's filing history and dismissing complaint as frivolous for making fanciful allegations of eavesdropping). In this instance, Mr. Connors alleges that an "Organization" implanted a "VERI CHIP" on his inner ear, applied "electricity and high decibel level frequency," and performed improper surveillance over

Mr. Connors. Compl. at 2-4. Mr. Connors in effect claims he was "used as an object to develop new technology against [his] will." Compl. at 1 (capitalization omitted).[1] Mr. Connors' allegations are factually and legally frivolous within the meaning of Paragraph 1915(e)(2), and accordingly the action must be dismissed.

## CONCLUSION

The defendant's motion to dismiss is GRANTED, and the complaint shall be dismissed on the ground that it is frivolous.[2] The clerk is directed to enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[1] Mr. Connors neither defines the "Organization" nor does he make any allegation that it is part of, has a connection with, the Government of the United States. Consequently, he has not stated a claim against the only defendant that is cognizable in this court.

[2] The application for leave to proceed *in forma pauperis* is GRANTED.

2